UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON RICHARD EIDAM,

    Plaintiff,                                              Hon. Robert J. Jonker

v.                                                           Case No. 1:20-cv-990

CITY OF NILES, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

For the reasons articulated herein, the undersigned recommends that this action be dismissed without prejudice, pursuant to 28 U.S.C. ' 636(b)(1)(B), for Plaintiff's failure to prosecute and failure to comply with the Court's orders.

Plaintiff initiated this action on October 16, 2020, alleging that Defendants violated his due process rights. On December 10, 2020, the Court entered an Order directing Plaintiff to "make two copies of the complaint and exhibits" for service upon Defendants. (ECF No. 6). Plaintiff was further ordered to submit to the Court, within fourteen days, the requested copies or submit an affidavit explaining why he was unable to do so. (*Id.*). Plaintiff was explicitly cautioned that "failure to submit the requested copies within the time provided by the Court or an affidavit explaining why Plaintiff is unable to provide the requested copies may result in the dismissal of his action without

prejudice by the Court." (*Id.*). More than seven months has since passed and Plaintiff has failed to comply with the Court's Order or otherwise prosecute his claims.

As the United States Supreme Court long ago recognized, A[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). This authority is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. *Id.* at 629-30. Failure by a plaintiff to prosecute constitutes grounds to dismiss the complaint, or any particular claims therein. *See* Fed. R. Civ. P. 41(b).

When examining whether dismissal for failure to prosecute is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

Consideration of these factors leads the undersigned to recommend that Plaintiff's claims be dismissed without prejudice. Plaintiff's failure to comply with the Court's orders or otherwise prosecute his claims is willful and manifests bad faith. Plaintiff's conduct unfairly prejudices Defendants' ability to defend against Plaintiff's claims. Plaintiff was expressly warned that failure to comply with the Court's orders may result

in dismissal of his claims. Finally, the undersigned finds that under the circumstances a lesser sanction is insufficient.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that this action be dismissed without prejudice for Plaintiff's failure to prosecute and failure to comply with the Court's orders.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. ' 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: August 2, 2021  /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge